Michael A. Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GREGORIO ROMERO, *individually and on behalf of
others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| GOLDMONT REALTY CORP., 612 OCEAN AVENUE PARTNERS LLC, LEON GOLDENBERG, SAM BROWN, JONATHAN SAMET, and KENNY CESJANI | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------------X

Plaintiff Gregorio Romero, individually and on behalf of others similarly situated ("Plaintiff Romero"), by and through his attorneys, MICHAEL FAILLACE & ASSOCIATES, P.C., upon information and belief, and as against each of Defendants Goldmont Realty Corp., 612 Ocean Avenue Partners LLC, ("Defendant Corporations") and Individual Defendants Leon Goldenberg, Sam Brown, Jonathan Samet, and Kenny Cesjani (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff is a former employee of Goldmont Realty Corp., 612 Ocean Avenue Partners LLC, Defendant Corporations, and Individual Defendants Leon Goldenberg, Sam Brown, Jonathan Samet, and Kenny Cesjani.

2.     Upon information and belief, Defendants own, operate or control a residential building which is currently operating under the name Georgian Hall (the "Building"), and is located at 612 Ocean Avenue, Brooklyn, NY 11226.

3.     Upon information and belief, Individual Defendants Leon Goldenberg, Sam Brown, Jonathan Samet, and Kenny Cesjani, serve or served as owners, managers, principals and/or agents of Defendant Corporations, and through these corporate entities operate(d) the residential building located at 612 Ocean Avenue, Brooklyn, NY 11226 as a joint or unified enterprise.

4.     Plaintiff Romero is a former employee of Defendants.

5.     Plaintiff Romero worked as a porter at Defendants' residential building.

6.     At all times relevant to this Complaint, and as further explained below, defendants rented to Plaintiff Romero an illegal apartment in the basement; That apartment is and was an illegal dwelling unit; Moreover, numerous Building systems housed in the basement, right in the basement apartment, were or are *per se* dangerous to health and safety; Defendants nevertheless subjected Plaintiff Romero to those conditions as regular part of his employment and residency.

7.     At all times relevant to this Complaint, Plaintiff Romero worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

8.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Romero the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.     Further, Defendants failed to pay Plaintiff Romero the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

10.     Defendants' conduct extends beyond Plaintiff Romero to all other similarly situated employees.

11.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Romero and other employees to work in excess of forty (40) hours per week without paying them the minimum wage and the overtime compensation required by federal and state law and regulations.

12.     Plaintiff Romero now brings this action on behalf of himself and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the minimum wage, overtime, and spread-of-hours law and the associated regulations of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 142-1.6) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Romero seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Romero's state law claims is conferred by 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their businesses in this District, and Plaintiff Romero was employed by Defendants in this District.

## PARTIES

### *Plaintiff*

16.     Plaintiff Gregorio Romero ("Plaintiff Romero" or "Mr. Romero") is an adult individual residing in Kings County, New York. Plaintiff Romero was employed by Defendants from approximately January 2012 until on or about January 24, 2017.

17.     At all relevant times to this complaint, Plaintiff Romero was employed by Defendants as a porter at Defendant Corporations, located at 612 Ocean Avenue, Brooklyn, New York 11226.

18.     Plaintiff Romero consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

19.     Defendants own(ed), operate(d), and/or control(led) a residential building located at 612 Ocean Avenue, Brooklyn, NY 11226, under the name Defendant Corporations.

20.     Upon information and belief, Defendant Goldmont Realty Corp. is a corporation organized and existing under the laws of the State of New York.

21.     Upon information and belief, Defendant Goldmont Realty Corp. maintains its principle place of business at 1360 East 14th Street Suite 101 Brooklyn, NY 11230.

22.     Upon information and belief, Defendant 612 Ocean Avenue Partners LLC is a corporation organized and existing under the laws of the State of New York.

23.     Upon information and belief, Defendant 612 Ocean Avenue Partners LLC maintains its principle place of business at 65 East 55th Street 34th Floor New York, NY 10022.

24.     Defendant Leon Goldenberg is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     Defendant Leon Goldenberg is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

26.     Defendant Leon Goldenberg possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

27.     Defendant Leon Goldenberg determined the wages and compensation of the employees of Defendants, including Plaintiff Romero, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Sam Brown is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29.     Defendant Sam Brown is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

30.     Defendant Sam Brown possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31.     Defendant Sam Brown determined the wages and compensation of the employees of Defendants, including Plaintiff Romero, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32.     Defendant Jonathan Samet is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

33.     Defendant Jonathan Samet is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

34.     Defendant Jonathan Samet possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

35.     Defendant Jonathan Samet determined the wages and compensation of the employees of Defendants, including Plaintiff Romero, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

36.     Defendant Kenny Cesjani is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

37.     Defendant Kenny Cesjani is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

38.     Defendant Kenny Cesjani possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

39.     Defendant Kenny Cesjani determined the wages and compensation of the employees of Defendants, including Plaintiff Romero, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

40.     Defendants operate and/or operated a residential building located in Brooklyn, New York.

41.     At all relevant times, Individual Defendants Leon Goldenberg, Sam Brown, Jonathan Samet, and Kenny Cesjani possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

42.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

43.     At all relevant times, each Defendant possessed substantial control over Plaintiff Romero's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Romero, and all similarly situated individuals, referred to herein.

44.     Defendants jointly employed Plaintiff Romero, and all similarly situated individuals, and are Plaintiff Romero's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

45.     In the alternative, Defendants constitute a single employer of Plaintiff Romero and/or similarly situated individuals.

46.     Upon information and belief, individual Defendants Leon Goldenberg, Sam Brown, Jonathan Samet, and Kenny Cesjani operate or operated Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over them as a closed corporation or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

47.     At all relevant times, Defendants were Plaintiff Romero's employers within the meaning of the FLSA and NYLL.

48.     Defendants had the power to hire and fire Plaintiff Romero, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Romero's services.

49.     In each year from 2012 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

50.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the residential building on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

51.     Plaintiff Romero is a former employee of Defendants primarily employed as a porter of a residential building.

52.     Plaintiff Romero seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Gregorio Romero*

53.     Plaintiff Romero was employed by defendants from approximately January 2012 until on or about January 24, 2017.

54.     At all relevant times, Plaintiff Romero was employed by Defendants as a porter of a residential building.

55.     Plaintiff Romero regularly handled goods in interstate commerce that were produced outside of the State of New York, such as brooms, mops, and cleaning supplies as part of his porter duties.

56.     Plaintiff Romero's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiff Romero regularly worked in excess of 40 hours per week.

58.     From approximately January 2012 until on or about January 24, 2017, Plaintiff Romero regularly worked from approximately 8:00 a.m. until on or about 7:00 p.m. Mondays through Fridays and from approximately 11:00 a.m. until on or about 6:00 p.m. on Saturdays and Sundays (typically 69 hours per week).

59.     Throughout his employment with Defendants, Plaintiff Romero was paid his wages by check.

60.     From approximately January 2012 until on or about January 2017, Plaintiff Romero was paid a fixed salary of $500 per week.

61.     Plaintiff Romero's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

62.     For example, Defendants required Plaintiff Romero to work an additional one hour each on four or five days a week beyond what he was scheduled for and did not compensate him for the additional time he worked.

63.     Plaintiff Romero was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Romero regarding wages as required under the FLSA and NYLL.

65.     Defendants did not give any notice to Plaintiff Romero, in English and in Spanish (Plaintiff Romero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' Unjust Enrichment in the Alternative*

66.     Since on or around October 2012, when defendants purchased the building, Plaintiff Romero has been charged $900 per month for residing in a basement apartment (the "Apartment") in the building 612 Ocean Avenue, Brooklyn, NY 11226.

67.     Upon information and belief, the Apartment is not a legal dwelling unit under New York law, and Defendants have never obtained a Certificate of Occupancy ("CO") for the Apartment. Specifically upon information and belief the basement apartment is an illegal dwelling.

68.     Being in the Building's basement, the Apartment has exposed heat, water, and gas pipes, all of which run right through the apartment, it has entire mold-covered ceilings (including black mold), all of which are dangerous to the health and safety of Plaintiff Romero and his family.

69.     In addition, the dry ceiling in the apartment's bathroom has exposed pipes and is infested with mold; furthermore, many of the tiles in the bathroom have fallen off and defendants have refused to repair these hazardous conditions.

70.     At no time during Plaintiff Romero's tenancy was the Apartment a legal abode.

71.     By forcing Plaintiff to live in close proximity to demonstrably dangerous conditions, Defendants knowingly and willfully exposed Plaintiff Romero and his family to threats which endangered their lives and safety for almost five years.

72.     In or around January 2017 Defendants, more specifically the building manager, Defendant Jonathan Samet, verbally informed Plaintiff Romero that he was being terminated from his employment as porter for the building and that he had to vacate the premise within three weeks (3). When Plaintiff Romero requested more time to relocate his family he was denied

more time, Defendants then refused to accept his monthly payments, have continuously harassed him to vacate the premise, and have even thrown water at his door, all malicious tactics that have been used to force Plaintiff Romero and his family out of the building.

*Defendants' General Employment Practices*

73. Defendants regularly required Plaintiff Romero to work in excess of forty (40) hours per week without paying him the proper minimum wage and overtime compensation.

74. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Romero and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage or overtime compensation, as required by federal and state laws.

75. Plaintiff Romero was paid week to week at the same flat rate of pay regardless of the actual hours worked.

76. Defendants' pay practices resulted in Plaintiff Romero not receiving payment for all his hours worked, resulting in Plaintiff Romero's effective rate of pay falling below the required minimum wage rate.

77. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

78. Defendants did not post required wage and hour posters in the residential building.

79. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Romero (and similarly situated individuals) worked,

and to avoid paying Plaintiff Romero properly for his full hours worked and for overtime wages due.

80. Plaintiff Romero was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by inter alia, not paying him the wages he was owed for the hours he had worked.

81. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Romero by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

82. Defendants failed to provide Plaintiff Romero and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

83. Defendants failed to provide Plaintiff Romero and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiff Romero brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

85.     At all relevant times, Plaintiff Romero and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Romero's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

86.     The claims of Plaintiff Romero stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## OF THE FLSA

87.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiff Romero's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

89. Defendants had the power to hire and fire Plaintiff Romero (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

90. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

92. Defendants failed to pay Plaintiff Romero (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93. Defendants' failure to pay Plaintiff Romero (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94. Plaintiff Romero- and the FLSA Class members- were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE FLSA

95. Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants, in violation of the FLSA, failed to pay Plaintiff Romero (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate

of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

97.     Defendants' failure to pay Plaintiff Romero (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.      Plaintiff Romero -and the FLSA Class members- were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK
### MINIMUM WAGE LAW

99.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiff Romero's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Romero (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

101.     Defendants, in violation of the NYLL, paid Plaintiff Romero  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

102.      Defendants' failure to pay Plaintiff Romero (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.      Plaintiff Romero -and the FLSA Class Members- were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

104.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, et seq. and supporting regulations, failed to pay Plaintiff Romero  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

106.    Defendants' failure to pay Plaintiff Romero (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.    Plaintiff Romero -and the FLSA Class Members- were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

108.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to pay Plaintiff Romero (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Romero's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-1.6.

110.    Defendants' failure to pay Plaintiff Romero (and the FLSA Class members) an additional hour's pay for each day Plaintiff Romero's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

111.    Plaintiff Romero -and the FLSA Class members- were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE and RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

112.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants failed to provide Plaintiff Romero with a written notice, in English and in Spanish (Plaintiff Romero's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

114.    Defendants are liable to Plaintiff Romero in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

115.    Plaintiff Romero repeats and realleges all paragraphs above as though set forth fully herein.

116.    Defendants did not provide Plaintiff Romero with wage statements upon each payment of wages, as required by NYLL 195(3).

117.    Defendants are liable to Plaintiff Romero in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNJUST ENRICHMENT
## IN THE ALTERNATIVE

118. Plaintiff Romero repeats and realleges all paragraphs above as though set forth fully herein.

119. Defendants were unjustly enriched by, inter alia, failing to provide Plaintiff with a lawful place of abode in the Building's basement.

120. Plaintiff Romero was damaged in an amount to be determined at trial, not less than $51,300, plus statutory interest and punitive damages, considering the high degree of bad faith by the Defendants evincing disingenuous or dishonest failure to carry out their obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Romero respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Romero and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Romero and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Romero's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Romero and the FLSA class members;

(f)     Declaring that the Apartment is and was an illegal dwelling;

(g)     Awarding Plaintiff Romero and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)     Awarding Plaintiff Romero and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Romero and the members of the FLSA Class;

(j)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Romero  and the members of the FLSA Class;

(k)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Romero  and the members of the FLSA Class;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff Romero's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law and spread of hours wage order were willful as to Plaintiff Romero  and the FLSA Class members;

(n)     Awarding Plaintiff Romero  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiff Romero damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Romero and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Romero and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Romero and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Awarding Plaintiff Romero not less than $51,300, plus statutory interest and punitive damages for Defendants' unjust enrichment;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)      All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Romero demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 30, 2017

                  MICHAEL FAILLACE & ASSOCIATES, P.C.

                _____/s/ *Michael Faillace*_____
                By:   Michael A. Faillace
                     60 East 42nd Street, Suite 2540
                     New York, New York 10165
                     (212) 317-1200
                     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 30, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Gregorio Romero**

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

                                  *Gregorio Romero*

Signature / Firma:

                                  30 de enero de 2017

Date / Fecha: